IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1997 SESSION

FILED

July 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 03C01-9602-CC-00067 |
| | ) | |
| Appellee | ) | BLOUNT COUNTY |
| | ) | |
| V. | ) | HON. D. KELLY THOMAS |
| | ) | JUDGE |
| RODNEY A. WHITE, | ) | |
| | ) | (Sentencing) |
| Appellant | ) | |

FOR THE APPELLANT:

Raymond Mack Garner
District Public Defender
318 Court Street
Maryville, Tennessee 37804-4912

Natalee Staats Hurley
Assistant Public Defender
318 Court Street
Maryville, Tennessee 37804-4912

FOR THE APPELLEE:

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Lisa A. Naylor
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Michael L. Flynn
District Attorney General
363 Court Street
Maryville, Tennessee 37804-5906

Charles A. Carpenter
Assistant District Attorney General
363 Court Street
Maryville, Tennessee 37804-5906

OPINION FILED: _____

Affirmed

William M. Barker, Judge                    Opinion

The appellant, Rodney A. White, appeals as of right his sentence following his plea of guilty for driving on a revoked license in violation of the Motor Vehicle Habitual Offenders Act, a Class E felony. The appellant argues on appeal that the trial court erred in refusing to grant him full probation or in the alternative by not allowing him to serve his sentence on community corrections. Additionally, the appellant argues that the trial court erred in ordering a period of incarceration followed by community corrections. Having reviewed the record and finding no reversible error, we affirm the trial court's judgment.

On August 7, 1995, the appellant was indicted for driving on a revoked license in violation of the Motor Vehicle Habitual Offenders Act. On October 17, 1995, the appellant pled guilty to the charged offense and the trial court scheduled a sentencing hearing on November 28, 1995.

At that hearing, the appellant testified that he was a recovering alcoholic and had recently started attending outpatient alcoholic dependency programs and AA meetings. The appellant, who at the time of the hearing was thirty-four years old, stated that he began drinking when he was seventeen and that this was the first time he had sought treatment for his alcohol dependency. He also testified that on previous occasions he had completed sentences of probation without any violations. The appellant's wife and mother both testified that since the appellant had begun treatment for his alcohol addiction, he was a different person.

The trial court considered the appellant's testimony and that of his family members, but also noted that the appellant had a significant history of criminal behavior including six D.U.I. convictions, five driving on a revoked license convictions, one sexual battery conviction, more than twenty public intoxications, and one habitual motor vehicle offender adjudication. The court ordered the appellant to serve a two-year sentence as a Range II multiple offender with six months confinement in the county jail followed by eighteen months on community corrections.

2

The appellant first argues that the trial court erred by refusing to allow him to serve his whole sentence on probation or on community corrections. This issue is without merit.

When an appellant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1990). The burden of showing that the sentence is improper is upon the appealing party. Id. (Sentencing Commission Comments). This presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this case, the record on appeal does not affirmatively show that the trial court properly considered the statutory guidelines as provided in Tennessee Code Annotated section 40-35-103, and unfortunately, the judgment of the trial court is not accompanied by a presumption of correctness. Accordingly, our review of the appellant's sentence is *de novo.*

This appellant has been convicted of more than forty alcohol-related crimes in the last seventeen years, including six D.U.I. convictions, over twenty public intoxication convictions, and five convictions for driving on a revoked license. We recognize that the appellant may now be a recovering alcoholic, and he is to be commended for seeking treatment and counseling for his alcohol problem, but we also note that the appellant did not begin his treatment until after his adjudication of guilt in this case and only eighteen days prior to his sentencing hearing.

The record also reflects that the appellant has previously received fines and partially suspended jail sentences, but those punishments have had no effect on the appellant's continued criminal behavior. Accordingly, we find that some incarceration is necessary to protect society from the appellant because of his long history of criminal conduct and because measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the appellant. See Tenn. Code

3

Ann. § 40-35-103(1)(A) and (C). Clearly, the record does not indicate that the appellant is entitled to probation.

The appellant argues, however, that he is at least entitled to serve his entire sentence on community corrections because he meets all of the eligibility criteria for community corrections. We agree that the appellant is statutorily eligible to be considered for a community correction sentence. See Tenn. Code Ann. § 40-36-106(a) (Supp. 1996). Although the appellant is eligible for a community corrections sentence, he is a Range II offender and thus not presumed to be a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6) (Supp. 1996); State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Moreover, the fact that the appellant may be eligible for community corrections or some other type of alternative sentencing does not mean that he is entitled to such sentencing. Given the appellant's extensive history of alcohol-related offenses, coupled with a prior violent felony conviction, we agree with the trial court that confinement for a period of six months is proper in this case.

The appellant also argues that the trial court improperly imposed split confinement in this case by first ordering a period of incarceration followed by community corrections. As authority for that proposition, the appellant relies upon the unreported opinion of a panel of this Court in State v. Richmond, No. 02C01-9410-CR-00217 (Tenn. Crim. App., Jackson, Sept. 13, 1995). The appellant misreads Richmond. In that case, a panel of our Court held that while Tennessee Code Annotated, section 55-10-616(c), precluded a trial court from suspending the sentence for one convicted of violating the habitual motor vehicle statute, that prohibition did not preclude a trial court from considering placing an habitual motor vehicle offender on community corrections since a community corrections sentence is not probation. Nothing in that case suggests that a sentence involving a period of incarceration

4

followed by community corrections was improper.

The judgment of the trial court is affirmed.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
CURWOOD WITT, JUDGE

5